Simon, J.
delivered the opinion of the court.
On the issuing of an order of seizure and sale at the suit of the plaintiff against the defendant, Dashiell, as third possessor of certain real property and slaves, formerly owned and possessed by Timoleon Lesassier, his, said plaintiff’s, former tutor, to satisfy a sum of $14,151, with interest; and to secure which, he alleged, in his petition, to have a tacit and general mortgage on all the property of his said tutor; said defendant made opposition to the said order of seizure and sale, and obtained and sued out a writ of injunction, on the grounds: 1st. That the alleged mortgage had been extinguished by transaction and novation, by the proceedings of a family meeting, regularly held [199] on an order of, and duly homologated by, the court of probates of the parish of Iberville; by virtue of which, a new and special mortgage was mado in favor of the plaintiff, then a minor; and by which the alleged legal mortgage on the property seized was extinguished and raised. 2d. That the judgment liquidating the rights of the plaintiff, is irregular, illegal, null and void, having been obtained ex. parte, and without sufficient and legal evidence.
On this opposition and injunction, plaintiff joined issue and averred that the general and tacit mortgage which he had on the property of his former tutor, had never been cancelled, changed or novated in the manner and form prescribed by law; that the same is and has always been in full force on the property seized; that the pretended special mortgage is illegal and null, as the formalities and requisites of the law had never been complied with; and that the proceedings had in relation thereto are also null and void, for the following reasons:
1. Because the property specially mortgaged was not appraised by experts, as prescribed by law.
*123 2. Because had said property been appraised, the same would have proved insufficient to secure the minor’s rights.
3. Because no liquidation of his said rights had been previously made, so as to ascertain the amount intended to be secured by the special mortgage.
And 4. Because said special mortgage having not been passed and executed in the manner and form prescribed by law, the same is not binding on the minor.
On these issues, the cause was tried, and the district judge being of opinion that the general and tacit mortgage resulting from the tutorship, had been legally and regularly released, ordered the order of seizure and sale to be set aside, and the property seized to be restored to the defendant. From this judgment the plaintiff appealed.
The evidence shows that plaintiff was born on the 18th of July, 1817; that Timoleon Lesassier was duly appointed Ms tutor and qualified as such in February, 1829 ; that on the 4th of February, 1835, said tutor made [200] application to the court of probates for an order to convene a meeting of the minor’s family, for the purpose of deliberating and giving their advice on the propriety of permitting him to execute an act of special mortgage on certain real property, in lieu of the general one; and of releasing the said general mortgage; which order was granted. That on the 14th of February, the family meeting was holden before a notary public, in the presence of the under tutor of the minor; that they found the property proposed to be mortgaged, to be fully sufficient to secure the rights of the minor, and that they accordingly advised that on the tutor’s executing a special mortgage on the property offered, in favor of the parish judge of the parish of Iberville for the benefit of the minor, according to law, all the other property of said tutor should be declared free from all mortgages or encumbrances whatsoever in favor of said minor; all which was approved by the under tutor. On the 17th of February, a petition was presented by the tutor to the court of probates, praying for the homologation of the said deliberation; on the 18th, a decree was rendered by said court, ordering, that the deliberation of said family meeting be homologated, and that on the said Timoleon Lesassier’s specially mortgaging the property in these proceedings described and designated, then his other property be discharged and liberated from all mortgages in favor of the said Luke Lesassier, affecting the property of said Timoleon Le-sassier in consequence of his tutorship; and on the 21st of the same month, an act of special mortgage was executed before a notary public, in favor of the parish judge of the parish of Iberville, for the use and benefit of the minor, which act does not appear ever to have been accepted by the said parish judge, or by the under tutor. On the 8th of March, 1836, defendant purchased the property from Timoleon Lesassier.
It is contended on the part of the appellee that the special mortgage was complete and sufficient to bind the tutor; that in giving the same, the [201] formalities of the law were fully complied with; that the law under which the proceedings were had, does not require the parish judge to join in the act of special mortgage and accept the same; that the appointment of experts *124 under the law of 1830 is only required to satisfy the parish judge on the sufficiency of the property, and to enable him to reject the special mortgage, if insufficient; that having not done so, the property must be presumed to be sufficient; that the real situation of the property was exhibited to the family meeting, the under tutor, and the judge by the certificate of mortgage furnished by the judge himself; that the whole was approved and accepted by the judgment of homologation; and that it was not the purchaser’s duty to look beyond the said judgment of homologation. He relies mainly on the case of Casanova's heirs v. Avegno, 9 La. Rep. 194, and on the case of Lesassier v. Dashiell, 14 Id. 467.
If, on the one hand, according to the doctrine repeatedly sanctioned by this court, it be true that whenever a person desirous of purchasing property from a tutor, after inquiring how the minor’s rights are secured, finds that such rights are secured by a special mortgage, regula/rly accepted by a family meeting and by the court, he is justified in concluding that the general mortgage in favor of the minor had ceased to exist; on the other hand, it Is equally true that the law regards the interests of minors with a paternal solicitude, and that its provisions for their protection ought to be strictly enforced.
In the case of Casanova's heirs v. Avegno, relied on by defendant’s counsel, this court said that a third person dealing with the tutor in relation to liis property, is bound to inquire how the rights of the minor are secured, and that the general mortgage resulting from the tutorship ceases to exist with regard to such third person, after the special mortgage has been once accepted and recorded. The proceedings, then under consideration, had taken place previous to the law of 1830, and the court found that the forms required by [202] law for the validity of such proceedings, appeared to have been observed.
In the case of Lesassier v. Dashiell, which was an action for the payment of a part of the price of the property sold by Timoleon Lesassier to the present defendant, "said defendant objected to the said payment, among other grounds of defence, because there existed on the property a tacit mortgage in favor of the present plaintiff. This was a general allegation, made without specifying the particular reasons why the tacit mortgage still existed; the judgment homologating the deliberation of the family meeting and the act of special mortgage were produced; and for aught we know, far from there having been any attempt made to support the alleged defence, it appears to have been taken for granted that the proceedings were regular. STo further inquiry seems to have been made into the real nature, extent and effect of the said judgment of homologation, particularly perhaps as the person really interested was not a party to the suit, and this court decided the case on the general doctrine that the defendant, who had purchased under the faith of proceedings apparently sanctioned by the probate court, could not be affected by the result of a suit by which the minor should seek to annul those proceedings. Had the qufestion been presented in its true light, and the inquiry made into the validity or rather sufficiency of the proceedings, we are not ready to say that the defendant on showing the danger of eviction from the existence of the minor’s general mortgage, would not have been entitled to demand security *125 from his vendor, before being compelled to pay the amount of the instalment sued for.
The case of Leblanc v. His creditors, 16 La. Rep. 120, lately decided in the western district, is another instance in which this court had again occasion to make a proper application of the general principle, recognized in the case of Gasanov a v. Avegno, protective of the rights of third persons who deal with a tutor after a special mortgage has been given; but in that case, which [203] presented the question whether subsequent mortgage creditors of the insolvent tutor, should be paid in preference to the minor, whose general mortgage was alleged to have been illegally and improperly released by a definitive judgment of the court of probates; the proceedings had been made in conformity with the eighth section of the Act of 1830, experts had been appointed by the judge, the proceedings were all regularly carried on, and were completed by the rendition of a judgment by which the special mortgage was accepted; and the general one ordered to be absolutely and unconditionally released; this court said in substance that the judicial mortgages having been acquired by third persons under the faith and protection of a decree of a court of competent jurisdiction, which had never been annulled or in any manner attacked, should be satisfied in preference to the minor’s pretended general mortgage. This doctrine is certainly correct and incontrovertible, and the question in this case is whether it can be applied to the pretensions of the defendant, that is to say, whether there be such final judgment of the probate court accepting the special mortgage given by Timoleon Lesassier, as to be considered sufficient to protect said defendant against the plaintiff’s action.
The law of 1830, entitled “ an act in addition to the laws now in force, relative to tutors and curators of minors,” appears',to have been intended to apply to the surviving father or mother as natural tutor or tutrix; but the 8th section thereof seems to have been passed in relation to all cases where special mortgages are to be given by tutors or curators; it is in these - words: “In all cases where special mortgages shall be given by curators or tutors in lieu of the legal mortgage existing in such cases, as recognized by law, it shall be the duty of the judge receiving such special mortgage to cause the property proposed to be mortgaged, to be appraised by experts, in the same manner as is provided when adjudications of the property of minors are made to the surviving father or mother, and the said judge shall in no case, accept the [204] said mortgage unless the value of the property so appraised shall exceed, exclusive of all prior liens, privileges or mortgages, the amount of the debts or rights of the minors intended to be secured by the said special mortgage, by at least 25 per cent., in addition to the amount of the said debts or rights, to be ascertained by a previous liquidation to be made according to law in the office of the judge having jurisdiction of the said matter, and including all interest which may probably accrue.” It is perfectly clear that the judgment homologating the deliberation of a family meeting, does not complete the proceedings under which the special mortgage is to be received; their consent or approbation is not required to enable the tutor to furnish a special in lieu of the general mortgage, although until their decision, which is a prerequisite to its acceptance, the court cannot make any change in the security *126 of the minor. 2 La. Rep. 536. The property proposed to he mortgaged must be appraised by experts, so as to show its real value, and the parish judge can, in no case, accept the mortgage, unless the value of the property be ascertained to exceed by 25 per cent., &c. Now, in this case, the judgment relied on, is only conditional, and provides for the releasing of the general mortgage, after the special mortgage shall have been executed. It was undoubtedly the intention, of the family meeting that it should be received and accepted by the judge for the benefit of the minor, as under the seventh section of the Act of 1830, this law must have been read to them by the notary, and they clearly had in view the provisions contained in the eighth section. Still, no experts were appointed, no previous liquidation of the vendor’s rights was made, and the act of special mortgage was passed by a simple notarial act, which never was accepted by any one, not even by the under tutor; said special mortgage was not received by the judge as required by the art. 3309, of the La. Code, and never obtained the definitive sanction of the court of probates, so as to give to it the effect contemplated by the decree of homologation.
[205] Under such circumstances, we cannot consider the judgment of the probate court relied on by the defendant, as definitive and sufficient to justify him, when he purchased from the tutor, in concluding that the general mortgage in favor of the plaintiff had ceased to exist, and had said defendant inquired, as he was bound to do, how the rights of the minor were really secured, he would have easily ascertained that the subsequent formalities had never been- complied with, that the special mortgage had been passed without the interference and acceptation of the parish judge, and that, therefore, no effect could be given to the conditional and provisional judgment homologating the proceedings of the family meeting.
With this view of the question, we think the plaintiff has sufficiently maintained his defence against defendant’s opposition, and that the judge a quo erred in ordering the seizure and sale to be set aside.
The other ground of opposition set up by defendant, against the judgment by which the rights of the plaintiff against his tutor were liquidated, appears also to be unfounded. No evidence has been adduced to show that the amount claimed was not really due; said judgment is not attacked as fraud■ulent or collusive, and it is prima facie evidence that the sum, the payment of which is secured by legal mortgage, is justly due. 1 La. Reports, 379 ; 8 Id. 199.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and this court proceeding to render such judgment as ought to have been rendered by the lower court, it is ordered, adjudged and decreed, that the opposition made by the defendant and appellee to the order of seizure and sale heretofore obtained by plaintiff and appellant, be overruled; that the injunction sued out be dissolved, and that said plaintiff be authorized to proceed with the said decree of seizure and sale according to law; the costs of the opposition in the court below, and those of this appeal to be borne by said defendant and appellee.