## PIKE et al. *v.* MONGET, Tutor.

Art. 3298 of the Civil Code, which provides that a mortgage exists, without being recorded, in favor of minors on the property of their tutor, is an exception to the rule laid down in art. 3314, that mortgages shall only be allowed to prejudice third persons when they have been properly recorded.

*Bona fide* purchasers, without notice, who have paid the price, are not affected by secret equities existing between those under whom they hold and third persons, nor by their misrepresentations and frauds.

Where a tutor sells a lot of ground belonging to him individually, on which a legal mortgage existed in favor of his pupil, taking a note payable to himself individually for the price, and, without any legal transfer of the note to his pupil, sues on it as tutor, and recovers a judgment as such with a special mortgage on the property, and receives from a purchaser of the property at a sale subsequently made by the sheriff, the amount of a note given for the price, the tacit mortgage in favor of the minor will be thereby annulled; and the purchaser, holding under a judgment and judicial sale clothed with all the forms and solemnities of law, will not be allowed to be prejudiced by the misrepresentations of the tutor. *Per Cu-*

Pike
v.
Monget.

*riam:* Third persons acquiring rights in good faith, under such a judgment, have nothing to look to beyond the judgment and proceedings under it. if the minor be injured by the misrepresentations of the tutor, the remedy is against him, and the surety on his bond.

APPEAL from the District Court of East Baton Rouge, *Nicholls,* J. *Brunot* and *Elam,* for the appellants. *Lacey,* for the defendant. The judgment of the court *(King,* J. absent,) was pronounced by

Rost, J. This is a sequel to the case of *Monget, tutor,* v. *Walker,* lately determined, *ante* p. 244.

The plaintiffs, being in possession of a town lot acquired from *Walker,* while he was tutor, the defendant proceeded against them by the hypothecary action, after the judgment obtained in the former suit had become executory. The plaintiffs enjoined the proceedings. *George A. Pike,* who owns a portion of the lot, then intervened, and the proceeding was changed by the pleadings from the *via executiva* to the *via ordinaria.* The judgment of the District Court recognized the mortgage, and ordered that, in default of payment of the sum due the minors by the plaintiffs in injunction, the portion of the lot claimed be sold to satisfy it. It further ordered that a separate appraisement be made before the sale of the land, and of the improvements thereon not subject to the mortgage. From this judgment the plaintiffs have appealed.

Many of the points made by the plaintiffs having been determined in the case of *Monget, tutor,* v. *Walker,* it is only necessary to notice the following: 1st, That the minors' mortgage, not having been recorded, did not affect the land seized at the time it was purchased by the plaintiffs in injunction. 2d. That this lot originally belonged to *P. A. Walker* and *Alexander H. Jones,* and has become the property of the plaintiffs in injunction under a regular chain of conveyances; that, in the sale of the eastern half of the lot and improvements by *Walker, Amos,* and *Frederick Kent,* who were then the owners of it, to *Rees Fitzpatrick, Walker,* as tutor of the minors, sued upon two of the notes given by *Fitzpatrick* for the price, and obtained a judgment, in his capacity as tutor, with special mortgage on the property; that the said property was subsequently sold at sheriff's sale, on the 4th of November, 1843, and purchased by *D. D. Avery,* who paid the purchase money; that *Avery* afterwards sold to *William S. Pike* for $600, $200 cash, and the residue in two notes of $200 each, and that the present tutor has received payment of the said two notes.

It is contended that the judgment and judicial sale in the suit of *Walker,* tutor, against *Fitzpatrick,* and the receipt by the present tutor of the $400 from *Pike,* had the effect of annulling the original tacit mortgage existing in favor of the minors, from the time of *Walker's* purchase in 1838.

1. A mortgage exists without being recorded, in favor of minors on the property of their tutor. C. C. 3298. This positive disposition of law is an exception to the rule laid down in art. 3314, that mortgages shall only be allowed to prejudice third persons when they have been properly recorded. *Roche's Heirs* v. *Grosillière,* 13 La. 246. *Lessassier* v. *Dashiel,* 14 La. 468. 17 La. 194. *Cleveland, tutrix,* v. *Sprowl,* 12 Rob. 174.

2. The second ground is one of much greater difficulty. If the notes on which the suit was brought had previously been lawfully transferred to the minors, we would have no hesitation in saying that the defendants would be protected by the judgment and judicial sale, and that the property would have passed to them free from the legal mortgage; but it is admitted that, at the time of the rendition and execution of the judgment, the notes belonged in reality to *Walker,* and the embarrassing question is thus presented, whether the misrepresentations of the

tutor are to prejudice the minors, in whose name he falsly pretended to act, or the *bonâ fide* purchasers of property under a judgment and [udicial sale clothed with all the forms and solemnities of law.

That honest purchasers without notice, who have paid the purchase money, are not affected by secret equities existing between those under whom they hold, or by their misrepresentations and frauds, is a fundamental rule of our system of jurisprudence, and we believe of every other. Against a party thus situated, courts of Equity, where the common law prevails, never give a remedy. "Courts of Equity will not take the least step imaginable against an innocent purchaser in such a predicament, and will, on the other hand, allow him to take every advantage which the law gives him, for there is nothing which can attach itself upon his conscience, in such a case, in favor of an adverse claim." Story's Equity Jurisprudence, no. 1503.

If the present case should form an exception to that rule, the exception must rest upon the law made for the protection of minors. After an anxious and mature consideration of those laws, the conclusion is forced upon us that they have exclusive reference to contracts and rights of property. No peculiar formality is prescribed in relation to actions instituted by tutors for the recovery of money. The tutor administers by himself alone, and his capacity to appear in court, in such cases, is unqualiffed and absolute. Civil Code, 344. Third persons acquiring in good faith rights under the judgment which he obtains, have nothing to look to beyond the judgments themselves and the proceedings under them.

If the minors are injured by the false representations of the tutor, their remedy is against him and the surety on the bond which he has given for his administration. We are of opinion that the judgment should have been in favor of the plaintiffs in injunction.

It is, therefore, ordered that, the judgment in this case be reversed, and that there be judgment in favor of the plaintiffs in injunction, and against the defendant, with costs in both courts.