EASTERN DIST.
*March*, 1836.

JONES ET AL.
*vs.*
PURVIS ET AL.

JONES ET AL *vs.* PURVIS ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

In a petitory action, a judgment of eviction of the vendor of the plaintiff, before he sold, by the defendant, in a possessory action when the former was his tenant, and attempted to hold the land in dispute, in his own right, will not be received in evidence, or considered as *res judicata* in favor of the defendant's right to the land.

So, in a petitory action, the vendor of the plaintiff cannot be made a party on an allegation of the defendant, that he obtained his title fraudulently from the government under the pre-emption laws. There is no privity between these persons.

Fraudulent and dishonest acts, done by the vendor of the plaintiff against the rights of the defendants, cannot affect them, unless it be shown that they were *particips fraudis*, by combining and colluding with the defrauder.

As between the lessor and tenant of a tract of land, if the latter find the true title is in another, he has the right to purchase it and hold the land, without being considered as acting fraudulently towards his lessor.

But as to purchasers under pre-emption laws, and in ordinary cases, perhaps a distinction might be made when the purchaser used the means he had received from his lessor of obtaining by pre-emption, when the latter would have been entitled to the preference by the same law.

This is a petitory action, in which the plaintiffs sue to recover a quarter section of land in the possession of the defendant.

It is alleged and shown, that one Benjamin Craft purchased the land in dispute from the government of the United States, at the government prices, as a pre-emption claim, on the 7th of May, 1831, who, on the 12th February, 1833, sold it to the petitioners.

The defendant, Purvis, disclaimed any interest in the suit, or title to the land, but stated that he was in possession as the tenant of S. Tillotson. He prays that Tillotson be notified of the suit, and cited to defend therein.

EASTERN DIST.
*March*, 1836.

JONES ET AL.
*vs.*
PURVIS ET AL.

Tillotson denied the plaintiffs' right to the land in question, and averred that on the 7th May, 1831, and previously, B. Croft occupied it as his tenant; that at the said date, Croft fraudulently and falsely obtained the register's certificate, by representing to him possession in himself, and concealed this purchase, still continuing in possession, until dispossessed in a possessory action; that the land in fact belonged to this respondent as a pre-emption right, and that by the fraud and collusion between the plaintiffs and Croft, he is cheated out of his said right to this land. He prays that Croft be made a party and required to defend his interests, and that the act of sale to the plaintiffs be cancelled, and that he be decreed to be the owner of the land mentioned in the register's certificate.

The part of the answer of Tillotson requiring Croft to be made a party, was rejected, and a bill of exceptions taken to the opinion of the court.

The evidence shows that the land in dispute belonged to the government, and was settled and improved by Tillotson; that Croft and one of the plaintiffs (Jones) were put on the land as his tenants, and continued thereon until after Croft purchased from the United States in May, 1831. Tillotson had the privilege to enter it as a pre-emption right, but omitted doing so until his tenant stepped in before him.

Several bills of exception were taken, as stated in the opinion of the court.

The district judge who tried the cause, was of opinion the plaintiffs made out a complete legal title to the land, and that the defendant showed none. Judgment was rendered for the plaintiffs, from which the defendant appealed.

*Edwards and Ives*, for the plaintiffs.

*Davis*, for the defendant in warranty.

*Mathews, J.*, delivered the opinion of the court.

This is an action of revendication, in which the plaintiffs sue to recover a certain tract of land, (as described in their

37

EASTERN DIST.  petition,) alleged to be in the possession of the defendant,
March, 1836.  Purvis.   He disclaimed title to the property in dispute, as
being only a tenant of Tillotson, who appeared in the cause
JONES ET AL.  and made defence.   Judgment was rendered against him in
vs.
PURVIS ET AL.  the court below, from which he appealed.

In a petitory    The title set up to the lands sued for, by the plaintiffs, is
action, a judg-
ment of eviction  an act of sale from one Benjamin Croft, who held by purchase
of the vendor of
the plaintiff, be-  from the United States, under a pre-emption law passed
fore he sold, by  by Congress, and a receipt given by the receiver of public
the defendant, in
a possessory ac-  money for the general government is adduced as evidence of
tion, when the
former was his  the purchase, &c.   The defendant and appellant shows no
tenant, and at-  title in himself, by any evidence appearing on the record.
tempted to hold
the land in dis-  All the proof offered by him tends to establish only a naked
pute in his own
right, will not be  possession, unsupported by any title.   It shows that Croft
received in evi-  had been his tenant in actual possession, and that when he
dence, or consi-
dered as res ju-  attempted to hold in his own right, he was evicted, by a
dicata, in favor
of the defend-  possessory action brought by his lessor.   The judgment in
ant's right to the
land.  that case is insisted on as res judicata in the present.   It
So, in a peti-  cannot be considered in that light, for title therein was not in
tory action, the
vendor of the  any manner brought in question ; and as all the authorities
plaintiff cannot
be made a party,  cited on the part of the appellant relate to possession and the
on an allegation
of the defendant,  possessory action, they may be dismissed without comment,
that he obtained  as inapplicable to that now under consideration.   The
his title frau-
dulently from  balance of the defence consists in allegations of fraud com-
the government,
under the pre-  mitted by Croft, in obtaining title from the United States,
emption laws.  under the provisions of the pre-emption law ; and an attempt
There is no pri-
vity between  was made to bring him in as a party to the present suit, on
these persons.  application to the court made by Tillotson, which was
Fraudulent and
dishonest acts  rejected, and we think properly, there being no privity in the
done by the ven-  present instance between those persons.   Any fraudulent
dor of the plain-
tiffs, against the  and dishonest acts done by the vendor of the plaintiffs against
rights of the de-
fendant cannot  the rights of the defendants, cannot effect them, unless it be
effect them, un-  shown that they were participes fraudis, by combining and
less it be shown
that they were  colluding with the defrauder to aid him in his dishonesty.
participes frau-
dis, by combin-  The record affords no satisfactory evidence of any such com-
ing and collud-  bination and confederacy to cheat.   They (the plaintiffs)
ing with the de-
frauder.  must therefore be considered as innocent purchasers of a
As between
the lessor and  title, apparently fair and legal, vested in the seller.   If the
tenant of a tract

contest were directly between Croft and Tillotson, the former could not acquire any possession independent of that holden under the latter as his tenant; but if he discovered that the title to the property was in another, we do not believe that a purchase of such title by the lessee ought to be considered as fraudulent, in relation to the lessor, although he might thereby lose the opportunity of making the purchase for himself, nor could any objection be made to a title thus obtained, on this ground, in an action of revendication. Perhaps a distinction might be made between purchases under laws granting a right of pre-emption and ordinary cases, when the purchaser used the means of obtaining by pre-emption, that which he had received from a person legally entitled to the preference, in buying under the law granting pre-emptions. But any equitable claims which might exist between parties thus situated, cannot be pleaded against the rights acquired by third persons in pursuance of a title apparently just and legal, without notice of the existence of such equity, previous to their acquisition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.

*April*, 1836.

But as to purchasers under pre-emption laws, and in ordinary cases, perhaps a distinction might be made, when the purchaser used the means he had received from his lessor, of obtaining by pre-emption, when the latter would have been entitled to the preference by the same law.