## RICHARDSON *v.* HYAMS.

Where the holder of the legal title to certain lands acknowledges in a letter of attorney, executed before a notary and recorded in the office of the parish judge, in which he authorizes their sale, that the attorney is a joint and equal owner with him of the premises, and the share of the latter is sold under a *fi. fa.* and purchased by a third person, without notice of a private, unrecorded act, from which it appears that the attorney was still indebted to the principal for the original price of the land, the purchaser under the *fi. fa* will acquire a good title against the widow in community and the heirs of the principal. The latter cannot take advantage of any secret equities against one who purchased upon the faith of such a public written declaration.

APPEAL from the District Court of Rapides, *King,* J.

*Brent* and *O. N. Ogden,* for the appellant. The notarial act of 2d October, 1837, under which defendant holds, does not contain the essential requisites of a sale, or exchange, nor is it clothed with the indispensable formalities of a donation. No effect can be given to it, unless it be as raising a presumption of a previous transfer ; it cannot, of itself, transfer a title. Civ. Code, arts. 2414, 2630, 1523. 12 La. 490. Any such presumption is rebutted by the written memorandum of 5th June, 1834. The position that *Winn* lost his rights

by failing to record this memorandum, is without force, as he still held the legal title. It would have been otherwise if the act of October, 1837, had transferred a perfect title to *Friend*. The defendant has only an equitable title, and before he asks equity he must do equity. He has all the rights of *Friend*, but nothing more.

*Flint*, for the defendant. Real estate may be acquired, though by an act not technically either a sale, exchange or donation. See *Caldwell* v. *Hennen*, 5 Rob. 20. *Marsh* v. *Smith*, Ibid. 518–24. 1 Story on Equity, 378–85. *Thomas* v. *Scott*, 3 Robinson, 256. The act of June, 1834, not having been recorded, can have no effect against defendant, who purchased for a valuable consideration, without notice, actual or constructive. *Lanfear* v. *Hunt*, 11 Rob. 284.

The judgment of the court was pronounced by

SLIDELL, J. This is an action of slander of title, brought by the widow and tutrix of the heirs of *Winn*, against the defendant, alleging that he claims title to a certain interest of one-half and one-third in certain lands, which are wholly owned by the plaintiff. The defendant sets up title under a sale by the marshal of the United States, under execution in the suit of *The United States* v. *Joseph Friend*, on the 24th August, 1844.

There is no dispute as to the acquisition of the lands by *Winn*, by purchase from the government of the United States; but it appears that, on the 2d October, 1837, *Winn* executed, in favor of *Friend*, an instrument in the words following:

"Alexandria, 2d October, 1837.

*Joseph Friend* and myself are joint and equal owners of the following lands, which are held in common and undivided; and the said *Friend*. and *John H. Overton* and myself are owners of the following lands, which are held in common and undivided." The lands are,then particularly described, and the instrument proceeds as follows:

"Now, reposing special trust and confidence in said *Friend*, I do hereby nominate. constitute and appoint him, my true and lawful attorney in fact, to sell all or any portion of said lands, in conjunction with his own, to the extent of my interest in them; and this power is granted to him without limitation as to price or terms, leaving the whole disposition of the matter to his discretion and good judgment. And I do by these presents ratify and approve any sale, or sales, he may make of said lands, or any portion of them, in conjunction with his own, acknowledging myself fully bound by any act of his under this power of attorney. Given under my hand, at Alexandria, in the parish of Rapides, this 2d day of October, 1837. RICHARD WINN."

This instrument was, on the 13th November, 1838, proven before a notary in the parish of Carroll, registered by him, and recorded on the same day in the parish judge's office. In the execution of the judgment of the United States, the marshal seized and adjudicated to the defendant, *Friend's* rights, title, and interest in the instrument above mentioned, a copy of which, with the certificate of registry and recording, is annexed to the return on the *fieri facias*.

The plaintiff offered in evidence another instrument signed by *Winn*, and which is admitted to be in the hand writing of *Friend*, relating to the same lands, in the following words:

"Memorandum of *Col. Joseph Friend*, of Ouachita, Louisiana. He has made various entries of land in my name, in township eighteen (18) range thirteen (13) east, in the land district north of Red River, for which I have paid all

RICHARDSON the purchase money. The said *Friend* is an equal partner with me in these
v.      entries, and he is to pay me half the purchase money, with ten per cent per an-
HYAMS.   num interest, out of the sales of the lands, or otherwise, at his option, and I am
at liberty to sell the whole or any part of the land.   I make the same agreement
respecting any entries the said *Friend* may hereafter make in my name.   The
said *Friend* has also made several entries in the same township in the name of
*Overton (John Holmes)* and me, for which I have paid two-thirds of the pur-
chase money.   The said *Friend* is an equal partner with *Overton* and myself in
said entries ;' also he is to pay me one-third of the purchase money, with ten
per cent per annum interest, out of the sales of said entries, or otherwise, at
his option.   5th June, 1834.                           RICHARD WINN."

On the back of this instrument is a schedule of the lands.   It is not shown
that this instrument was ever registered or recorded, or that the defendant had
any notice of its existence.   The lands, or the greater part of them, have been
patented.   There was a judgment for the defendant, recognizing his title, and
the plaintiff has appealed.

We think the court below did not err.   The document executed by *Winn*
was a full and complete recognition of a title in *Friend*.   Under that power and
instrument, if *Friend* had made a conventional sale to *Hyams*, we could not re-
fuse to sustain it ; and we see no difference in the position of *Hyams* as a pur-
chaser by a forced alienation.   *Winn's* heirs cannot claim the benefit of the se-
cret equities existing between *Winn* and *Friend*, and which remained undis-
closed, while the unqualified acknowledgment of *Friend's* ownership was made
public.   The imprudence of *Winn* presented *Friend's* rights in a false aspect to
the world, and its consequences cannot be visited upon an innocent party, who
has purchased upon the faith of *Winn's* own, unequivocal, written declaration,
patent on the public records, and exhibited at the sale.   If *Winn* had, himself,
stood by at the sale, and declared the property to be the property of *Friend*, he
would have been estopped from afterwards contesting it.   1 Story's Equity, 378.
3 Robinson, 518.   We cannot attribute less force to a formal and recorded dec-
laration thus exhibited.                                *Judgment affirmed.*