(55 South. 577.)

No. 18,459.

## VANZANT v. BODCAW LUMBER CO.

(June 5, 1911.)

*(Syllabus by the Court.)*

1. WITNESSES (§ 269*)—CROSS-EXAMINATION—LIMITATION TO SUBJECT OF DIRECT EXAMINATION.

    A witness called for the purpose of proving the signature to a deed cannot be cross-examined with reference to anything else, but the party desiring to so cross-examine may put him on the stand as his own witness and examine him directly.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 949–954; Dec. Dig. § 269.*]

2. VENDOR AND PURCHASER (§ 239*)—BONA FIDE PURCHASER—RIGHTS ACQUIRED.

    One who has signed a deed transferring an immovable cannot set up against a third party who had acquired on the faith of the recorded title that he signed the deed in error that he failed to read the act of transfer or to have it read to him, as things outside of the deed cannot be pleaded against such third person.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 583–600; Dec. Dig. § 239.*]

3. ADVERSE POSSESSION (§ 63*)—CHARACTER—POSSESSION BY VENDOR—PRESCRIPTION.

    An original vendor who has remained in possession of a very small piece of woodland tract, part of a larger tract sold by him, cannot set up this possession to defeat the title of a third person acquired years before the institution of the suit.

    [Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 333–357; Dec. Dig. § 63.*]

Appeal from Third Judicial District Court, Parish of Bienville; B. P. Edwards, Judge.

Action by Emanuel Vanzant against the Bodcaw Lumber Company. Judgment for plaintiff, and defendant and intervener appeal. Reversed, and judgment rendered.

Farrar, Jonas, Goldsborough & Goldberg, H. H. White, and Henry Moore, for appellant Bodcaw Lumber Co. McRae & Tompkins, for intervener. Richardson & Richardson, for appellee.

BREAUX, C. J. Plaintiff's contention is: That the Bodcaw Lumber Company slanders his title to the land he claims to own, and of which he has physical possession.

That the Bodcaw Lumber Company sets up title in itself as being duly recorded.

The defendant denies that plaintiff has title, and urges that it owns the land, having acquired it from the Detroit Timber & Lumber Company, plaintiff's vendee. The defendant by claiming title in an action of jactitation became plaintiff as in a petitory action.

The Bodcaw Lumber Company also pleaded estoppel in support of the title it claimed.

The Detroit Timber & Lumber Company, vendee before mentioned, intervened in this suit and joined defendant, claimed that it had a title which it transferred to the Bodcaw Company.

The intervener, having thus assumed the burden of the defense by asserting title, is, as relates to the action, in the position of the defendant.

From the time that the original defendant and the intervener claimed title they became plaintiffs in the district court as well as in the court of last resort.

It being well settled that the burden of proof is upon these last-mentioned parties, and that, as plaintiff in a petitory action, they had the right first to introduce in evidence their evidence in the district court, and to open the argument in the Supreme Court, we will in the first place consider the issues of fact presented.

The deeds to the Bodcaw Lumber Company made by the intervener are in evidence.

At this point objection was raised on the following ground:

The Bodcaw Lumber Company offered in evidence the deed from Vanzant to the intervener, the Detroit Timber & Lumber Company, for 135 acres.

Vanzant raised the objection that the genuineness of the deed must first be proven.

The Bodcaw Lumber Company and the intervener called W. L. Kidd to the witness stand to prove the names of the attesting witnesses.

This witness swore to his own signature and to the mark of Vanzant to the deed.

Vanzant then claimed the right to cross-examine the witness generally, and urged that he had that right under the law and the pleadings, and the defendant and intervener objected, and the court sustained the objection.

The Detroit Timber & Lumber Company came into the case as an intervener. It is the warrantor of the Bodcaw Lumber Company. For that reason it adopted the allegations of the defendant as before stated, and asked to be admitted into the suit, and prayed that the title it transferred to the Bodcaw Lumber Company be recognized as a valid title.

Vanzant met the issue by an answer to this intervention. He admitted that he entered into a written agreement (a promise of sale) with McDonald and Kidd, who represented the intervener, some time in March, 1899; that in the papers evidencing this agreement he, Vanzant, sold to the intervener the timber on his land, described in his amended petition, and that he understood that it was well expressed in the agreement that the timber would be cut down and removed within 10 years from the date of the agreement. Subsequently, he signed a contract, drawn, as he understood, in accordance with the terms of the agreement.

He added in his answer that, if anything to the contrary is contained in the agreement and contract, it was signed by him through error; that he is neither able to read nor write, and for that reason he did not know the contents of the papers he signed; that, when he signed the agreement, it was stated to him that it would have to be sent to St. Louis, Mo., to the office of the company, where a deed would be written and mailed to him for his signature; that in due time he was informed that the deed had been received, and that it was ready for his signature at the home of W. L. Kidd, where he, Vanzant, called to complete the sale in accordance with the agreement before mentioned; that the deed was not read to him; that he signed by making his mark.

He alleges imposition and fraud; that he sold no land and made no agreement to sell land.

The judge of the district court maintained the demand of Vanzant, and annulled the deed attacked by him.

It appears that the owner at the time, Vanzant, bought this land in the 80's.

In time he met Kidd and McDonald, and, after some parleying, they agreed upon terms and conditions. There was an agreement signed, as stated by him, followed, not long after, by a deed of sale of land or of timber on the land; that is, as to part of the land the deed included land and the timber thereon, and as to another part it included the timber only.

On the face of the agreement it appears that he sold six different tracts of land and timber, and on two of the tracts he sold only timber.

As to the latter, according to the agreement and contract, the timber was to be cut down and taken away in 20 years, according to the recital of the deed.

The deed is before us, duly signed and dated.

It was authenticated by the oath of W. L. Kidd and recorded in the clerk's office long before the Bodcaw Lumber Company acquired title.

The Detroit Timber & Lumber Company acquired the land from plaintiff, Vanzant, on the 25th day of March, 1899.

The deed was properly recorded on the 10th day of April of the same year.

The Bodcaw Lumber Company acquired the land from the Detroit Timber & Lumber Company on the 12th day of April, 1900.

The suit was filed on the 28th day of October, 1909.

Vanzant had physical possession of about four acres of the tract.

He claims that he had possession of the whole tract.

The deed was under private signature, signed by two witnesses.

One of the witnesses, as before stated, took the oath to have it authenticated and thereafter it was recorded.

[1] When defendant, Vanzant, offered to prove the deed from Vanzant to the Detroit Timber & Lumber Company, it became necessary to call upon Kidd as witness to prove the mark of Vanzant to the deed.

After this had been done, Vanzant sought to prove by this witness that the vendor had never sold the land to the Detroit Timber & Lumber Company, that he had only sold the timber, and that to be taken away in 10 years.

The deed in question, as before stated, shows that Vanzant sold the timber on some of the tracts, and it to be taken off in 20 years. And it appears that he sold other tracts with the timber thereon.

The Bodcaw Lumber Company objected to the testimony of this witness on the ground that it is a purchaser in good faith from the Detroit Timber & Lumber Company, which bought from Vanzant, that the Bodcaw Lumber Company bought on the faith of the duly recorded title, and cannot be affected by any secret equities that may have existed between Vanzant and the Detroit Timber & Lumber Company, and on the further ground that Vanzant is estopped in so far as the Bodcaw Lumber Company is concerned from denying this deed, and on the further ground that a party capable of contracting cannot be heard to dispute his deed or prove that he did not understand the deed before he signed it.

The objection was overruled, the evidence was admitted and a bill of exceptions taken.

The questions go to the merits.

At the same time another objection was raised to the proof of the agreement, promise of sale made prior to the signing of the deed.

It was objected to by the Bodcaw Company because the deed itself was the best evidence of the contract between the parties and of the prior understanding of the agreement between them.

It was further objected: That counsel for

Vanzant was not examining the witness W. L. Kidd on cross-examination. That he had to examine him on cross-examination in regard to the whole case.

That Vanzant should make the witness his own witness for the purpose of the examination.

The court ruled that the objection went to the effect.

As to the first objection, relating to the prior agreement entered into before the contract was signed, there is no merit in the objection because the contract as to all terms and conditions was a literal copy of the prior agreement, so that the Bodcaw Lumber Company had no good ground upon which to object.

The second objection, we think, should have been sustained, for when a witness is called for the special purpose of proving a signature he cannot be cross-examined in regard to the case generally.

Vanzant should have made the witness his own.

But under our view of the case the question is of no material importance in this case. The testimony is before us and will be considered.

Before leaving the statement of facts, we will mention that Kidd, under examination by Vanzant, testified that he made the affidavit before mentioned without reading the contract himself and without reading it to Vanzant.

It is also in place to state that the other witnesses to the deed, Posie and a daughter of Mr. Kidd, who were present when the deed was signed, died since the affidavit was made and before the suit was filed. During the long delays between the date the deed was signed and the day the suit was filed these two witnesses departed this life.

We will mention also, as proven in the case, the fact that Kidd was working for the Detroit Company at the time and had an interest in the company.

It is also in evidence that this witness says that Vanzant came to him some four or five years before the suit was instituted, and said that the Bodcaw people wanted him to pay rent. It is, it must be said, damaging to his cause that he allowed too much time to elapse before instituting suit.

The question is whether he had sold the land as well as the timber. Kidd and Vanzant it may again be stated agree that the land was not included. The Bodcaw Company contradicts this.

It is admitted that the Bodcaw Lumber Company paid the taxes on the land and the timber involved in this suit for the years 1901 to 1909, inclusive.

The contention, as relates to the land, is that the deed was made in fraud, and the same contention was raised about the time within which the timber was to be removed.

R. McDonald, who acted with W. L. Kidd, testified in the case, and gave us an entirely different account of the transaction. According to his statement, there was not the least imposition on the part of any one, and Vanzant knew that the land was transferred.

Clark, an interested party, testified to some extent differently from Kidd.

We have gone further into the statement of facts than actually necessary.

It is a fact that, after four or five years from date of the sale, Vanzant arrived at the conclusion that he had not sold the land in question.

The question of importance in the case is whether the defendant, a third person, can be prejudiced in his rights as owner by acts of omission to which the complaining party to the suit was not a stranger.

[2] The rule as relates to immovable property is well settled that a title duly recorded is binding so far as relates to third persons interested in their validity.

Were it otherwise, title to property would not be as it is. It would introduce uncertainty where there should always be objective certainty.

It is written that every transfer of immovable property must be in writing, and that parol evidence in the absence of fraud cannot be admitted against or beyond what is contained in the acts; nor what may have been said before or at the time of making them nor since. Civil Code, arts. 2275, 2276.

Jurisprudence has carefully interpreted the articles, and has invariably held that as to third persons an act cannot be annulled in the manner that Vanzant has undertaken to annul the present act.

The following are decisions pertinent: State v. Hackley, Hume & Joyce, 124 La. 854, 50 South. 772; Heirs of Bastable v. Curry, 5 La. Ann. 411; Boudreau v. Bergeron, 4 La. Ann. 84; Pike v. Monget, 4 La. Ann. 227; Stockton v. Craddick, 4 La. Ann. 282; Blanchard v. Lockett, 3 La. Ann. 98; Sexton v. McGill, 2 La. Ann. 190; Richardson v. Hyams, 1 La. Ann. 286; Blanchard v. Castille, 19 La. 362; Dozer v. Squires, 13 La. 132; Ferrari v. Lambeth, 11 La. 108; Jones v. Purvis, 9 La. 290; Thomas v. Mead, 8 Mart. (N. S.) 342, 19 Am. Dec. 187; Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162.

It is unfortunate that there are guileless or indolent persons who sometimes sign agreements and deeds without having them explained.

Vanzant cannot charge the negligence or even fraud (if fraud was committed) to a third person because of his failure to have the act read to him.

All that he can complain of on the ground that it was not as stated in the deed (if he has any right at all in that connection) should be directed against the Detroit Timber & Lumber Company.

The law presumes that every one has judgment enough to protect his property and not to sign deeds without knowing anything about their contents.

To interpose authority here would be in the nature of paternalism.

The rule of law in homely phrase is: "Protect yourself to the extent possible, and I will 'protect you."

When this is entirely wanting, the courts cannot change the well-established rule of property so that one may be entirely indifferent as to what he signs and still be protected. That cannot be done in any well-regulated state.

But learned counsel, representing the unfortunate complainer, in behalf of his client, urges that plaintiff in jactitation, to wit, the Bodcaw Lumber Company, was warned by facts and circumstances of the case.

This warning consisted in the alleged fact that Vanzant, vendor, was in possession when the Bodcaw Lumber Company bought, and until the suit was brought, and that he is now in possession.

Furthermore, that he has paid taxes on the property.

The matter of taxes is disputed by the Bodcaw Lumber Company.

[3] Now as to possession, physical possession to the extent of four acres would hardly be notice to a third person that a much larger tract of woodland was in the possession of any one.

The property being woodland and not susceptible of occupancy, a few acres in the possession of Vanzant cannot be considered in the light of an adverse possession.

As to payment of taxes, it can have no weight here. If Vanzant paid taxes, so did the Bodcaw Lumber Company.

The principle is too well imbedded in our jurisprudence to justify us in making a change.

If this man has been imposed upon, he has no one to blame but himself.

Our view of the law constrains us to reverse the judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is annulled, avoided, and reversed. It is further ordered, adjudged, and decreed that the Bodcaw Lumber Company has a complete and valid title to the land described in the pleadings and in the deeds, which are affirmed by· this judgment. It is further ordered, adjudged, and decreed that Vanzant pay the costs in both courts, and Vanzant's demand is rejected, and his suit dismissed.