EDWARDS, Judge:
This is a suit for wrongful death arising out of an automobile-pedestrian accident in which Naricess Danos was killed. Stephen Danos and Donald Danos, the decedent’s sons, and Roy Guidry as natural tutor of *91 Gayle and Tanial Guidry, the decedent’s grandchildren from a predeceased daughter, sued Charlene Richoux,[1] the driver of the automobile, and her insurers, American Insurance Company and National Fire and Marine Insurance Company. The trial court dismissed Guidry’s claim on defendants’ exceptions of no cause of action and no right of action. After trial on the merits, the trial court rendered judgment in favor of defendants and dismissed the entire suit. Plaintiffs, Stephen and Donald Danos, have appealed. Roy Guidry did not appeal and as to him the trial court’s judgment is final.
The accident occurred on February 13, 1975, at approximately 6:30 p. m. in front of Linton Duet’s Grocery Store on Louisiana Highway 308 in Cut Off, Louisiana. La. 308 is a two lane highway, approximately 20 feet wide, which runs north and south on the east bank of Bayou Lafourche. Duet’s store fronts on La. 308 on the far side of the highway from the bayou. On the bayou side of La. 308 opposite Duet’s store is a building known as the “shrimp shed.”
On the evening of the accident, the decedent and his wife went to Duet’s store to purchase groceries. They parked on the shoulder of La. 308 in front of the shrimp shed and crossed the highway to the store. After a short time, decedent left the store to use the bathroom in the shrimp shed. Mrs. Danos continued shopping.
About this time, Ms. Richoux left her home about a block north of the store, turned onto La. 308, and drove southbound with her lights on and at a lawful rate of speed. As she approached the shrimp shed the decedent stepped from her right into the path of the car and was struck by the right side of the vehicle. The point of impact was in the southbound lane. Ms. Richoux testified that she did not see the decedent prior to impact. Ms. Richoux was the only witness to the accident.
The trial court held that the sole cause of the accident was the decedent’s negligence in being intoxicated[2] and in failing to observe and yield to the approaching Richoux vehicle. The trial court also held that Ms. Richoux was not negligent.
Plaintiffs list four errors allegedly committed by the trial court. Two of these errors relate to the trial court’s factual conclusions that the decedent stepped onto the highway from Ms. Richoux’s right and that the decedent was negligent. The third specification of error maintains that the trial court allowed improper cross-examination of a witness on matters not brought out on direct examination. The last error urges the applicability of the doctrine of last clear chance.
We find no merit in the two specifications of error attacking the trial court’s factual findings and conclusions. The trial judge set forth these findings and conclusions in seven (7) pages of Written Reasons for Judgment. Our examination of the record reveals that there is ample evidence in the record to support the trial court’s findings. We find no error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Next, plaintiffs contend that the trial court erred in allowing counsel for defendants to cross-examine a witness on matters not related to evidence brought out on direct examination. Plaintiffs argue that Louisiana follows the “narrow rule” regarding the scope of cross-examination.
We find plaintiffs’ contention untenable.
The scope of cross-examination in Louisiana in civil cases is not statutorily defined, as in criminal cases. Cf. LSA-R.S. 15:280. However, our jurisprudence from the earliest time has recognized that the scope of cross-examination lies within the sound discretion of the trial court and that cross-examination is not limited to matters inquired into on direct examination. Durnford v. Clark, 1 Mart. (O.S.) 202 (1811). See 10 Tul.L.Rev. 294 (1936).
*92 Plaintiffs cite Vanzant v. Bodcaw Lumber Co., 128 La. 923, 55 So. 577 (1911), in which the Supreme Court, disregarding the prior jurisprudence, held that cross-examination of a witness must be confined to matters stated by him on direct examination.
However, Vanzant was rendered nugatory by the case of Schwing v. Dunlap, 130 La. 498, 58 So. 162 (1912), decided a year later. In Schwing, the Supreme Court held that although a witness cannot be questioned on matters unrelated to the issues before the court, nonetheless, “a good deal of latitude is generally allowed in cross-examination.” Thus the Court recognized that the “broad rule” of cross-examination is applicable in civil cases in Louisiana.
The holding in Schwing was followed and further amplified in Davis v. Unity Life Ins. Co., 43 So.2d 67 (La.App.Orl.Cir.1949) wherein it was held:
“The rule prevailing in this state is that a witness on his cross-examination may be interrogated upon matters wholly unconnected with those upon which he was examined in chief.” (citations omitted).
Accordingly, we find that the cross-examination allowed in this case was proper.
Finally, plaintiffs contend that the trial court erred in not applying the doctrine of last clear chance.
We find, as did the trial court, that the doctrine is not applicable to the instant factual situation because Ms. Richoux was not negligent. Butler v. State Farm Mutual Automobile Insurance Co., 265 So.2d 252 (La.App. 1st Cir. 1972).
Accordingly we reject plaintiffs’ contention.
For the above reasons, the judgment of the trial court is affirmed at plaintiffs-appellants’ cost.
AFFIRMED.

. Ms. Richoux was married after the accident. Her married name is Charlene Richoux Orger-on. In this opinion, she is referred to by her maiden name, Richoux.

. Decedent’s blood alcohol content, tested after the accident, was .25 percent alcohol by weight.